**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

)
)
Ricardo Lusano                              )
)
)         C.A. No. 26-10919
Petitioner,             )
)
v.                                          )         **PETITION FOR**
)         **WRIT OF HABEAS CORPUS**
)
ANTONE MONIZ, Superintendent,               )
Plymouth County Correctional Facility       )
PATRICIA HYDE, Field Office Director,        )
U.S. Immigration and Customs                )
Enforcement, Boston Field Office,           )
TODD LYONS,                                 )
Acting Director, U.S. Immigration and.      )
Customs Enforcement, and                    )
KRISTI NOEM, Secretary of U.S.              )
Department of Homeland Security,            )
)
)
Respondents.            )
_____)

This is a petition for a writ of habeas corpus filed on behalf of Petitioner, Ricardo Pelela

Lusano, detained by the Respondents at the Plymouth County Correctional Facility pending

removal proceedings at the Chelmsford, MA Immigration Court. Petitioner's arrest and

subsequent detention by ICE on February 18, 2026 was unlawful, and he suffers from a medical

condition (hypertension) that makes continued custody untenable. As such, through undersigned

counsel, Petitioner respectfully seeks his immediate release from ICE custody, or in the

alternative, a judicial order preventing his transfer out of the Commonwealth of Massachusetts

and granting him a custody redetermination hearing as soon as possible.  Counsel requested a bond hearing for Petitioner on February 18 but that is scheduled for more than 10 calendar days from now, on March 2, 2026.

## STATEMENT OF FACTS

1. Petitioner, Ricardo Pelela Lusano, is a citizen and national of Angola. See Petitioner's Passport, Ex. 1.

2. Mr. Lusano has resided in the U.S. since April 1, 2023 when he entered on a B2 visa. See Petitioner's Visa with Entry Stamp, Ex. 2.

3. Mr. Lusano timely filed an affirmative asylum application after his entry, with his wife and five children included as derivative applicants. It was received by USCIS on May 11, 2023. See Petitioner's I-589 Asylum Application Receipt Notice, Ex. 3. He attended his biometrics appointment as scheduled on June 1, 2023. See Petitioner's Stamped Biometrics Appointment Notice, Ex. 4.

4. Petitioner is presently in the custody of U.S. Immigration Customs and Enforcement ("ICE") at the Plymouth County Correctional Facility at 26 Long Pond Rd, Plymouth, MA 02360. See ICE Detainee Locator Showing Petitioner's Location, Ex. 5.

5. ICE arrested Mr. Lusano on February 17, 2026 in Brunswick, Maine while he was grocery shopping at Walmart. Mr. Lusano was bruised from the arrest. He was not shown any warrant or given any reason for his arrest.

6. Mr. Lusano suffers from hypertension and requires daily medication to manage his symptoms. He did not have medication with him when he was arrested by ICE, and he did not take his medication in the morning before the arrest.

7. On February 18, 2026 Petitioner was scheduled for a bond hearing at EOIR on March 2, 2026. By that date, Petitioner will have been in ICE custody for 13 days, with uncertain access to medical treatment for his condition.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 2241.

9. Venue lies in the District of Massachusetts, the judicial district where Petitioner is currently detained.

## PARTIES

10. Petitioner is a citizen and national of Angola, residing in Maine.

11. Respondent Antone Moniz, Patricia Hyde, and other Respondents of their agents, are the Petitioner's immediate custodians.

## CLAIMS FOR RELIEF

### VIOLATION OF 8 U.S.C. § 1226(a) AND 8 CFR § 236.1

12. The Immigration and Nationality Act and its implementing regulations indicate that a noncitizen that was admitted into the country, like Petitioner, may only be taken into immigration custody pursuant to a warrant. *See* 8 U.S.C. § 1226(a) ("**On a warrant** issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") (emphasis added). *See also* 8 CFR § 236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, **the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest**." ) (emphasis added).

13. Petitioner was not shown a warrant at the time of his arrest, nor was one subsequently produced for undersigned counsel.

14. Without a warrant, Petitioner's arrest and ongoing detention in ICE custody is unlawful, meriting habeas relief in the form of immediate release.

## VIOLATION OF FIFTH AMENDMENT RIGHT TO DUE PROCESS

15. Petitioner's detention violates his right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution.

16. The procedural component of the Due Process Clause of the Fifth Amendment to the United States Constitution prevents the Respondents from depriving Petitioner of liberty without procedural protections.

17. Respondents violated Petitioner's right to not be detained with an individualized custody determination when they detained him without a warrant.

18. Petitioner's procedural due process right to counsel of his choosing would be abridged by interstate transfer because Petitioner is represented by counsel based in Boston, Massachusetts. Travel to other states would be impossible or cost prohibitive, inhibiting undersigned counsel's physical access to Petitioner.

19. Transferring Petitioner to another state would also divest the Chelmsford Immigration Court of jurisdiction over his bond proceeding, causing him to wait another week, or longer, before he can seek bond before an immigration judge. See EOIR PM 25-49 (PDF) Clerical Transfers of Bond Redetermination Requests (Sept. 15, 2025).

## PRAYER FOR RELIEF

Wherefore, Petitioner asks this Court to GRANT the following relief:

1. Assume jurisdiction over this matter;

2. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

3. Issue a writ of habeas corpus ordering Respondents to release Petitioner immediately on his own recognizance or under parole, a low bond, or reasonable conditions of supervision;

4. In the alternative, order that the Immigration Court issue a speedy custody redetermination hearing as soon as possible in light of Petitioner's medical condition;

5. Issue an order that Petitioner not be removed from Massachusetts pending the adjudication of the writ;

6. Order that ICE return all personal property to Petitioner upon release, including any government issued-IDs, including his work permit and driver's license;

7. Grant any other relief which this Court deems just and proper.

Respectfully submitted,

February 18, 2026          **PETITIONER RICARDO LUSANO ,**

By his attorney,

Robin N. Nice
McHaffey & Nice, LLC
6 Beacon Street, Suite 720
Boston, MA  02108
617-702-8921 (phone)

EXHIBITS IN SUPPORT OF HABEAS PETITION

| Exhibit No. | Document |
| --- | --- |
| 1 | Petitioner's Passport |
| 2 | Petitioner's Visa with Entry Stamp |
| 3 | Petitioner's I-589 Asylum Application Receipt Notice |
| 4 | Petitioner's Stamped Biometrics Appointment Notice |
| 5 | ICE Detainee Locator Showing Petitioner's Location |
|  |  |